UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RUBEN REYNOSO,<br>　　　　Defendant. | Case No. 13-CR-00254 PJH<br><br>**ORDER GRANTING MOTION FOR SENTENCE REDUCTION** |

　　　　Before the court is the motion of defendant Ruben Reynoso for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(b)(1), and Amendment 782 to the United States Sentencing Guidelines Manual. The government opposes the motion. The Probation Office recommends a reduction in sentence from 71 months to 60 months imprisonment, as requested by Reynoso. The court determines that the matter is suitable for decision without oral argument and VACATES the motion hearing noticed for December 23, 2015. For the reasons set forth below, the motion to reduce sentence from 71 months to 60 months imprisonment is GRANTED.

　　　　Reynoso was indicted on two counts of possession with intent to distribute and distribution of methamphetamine, one count of possession with intent to distribute methamphetamine and cocaine, and one count of being an alien in possession of ammunition. He entered a guilty plea to all four counts pursuant to a plea agreement. Based on an amount of drugs that the parties calculated to be 17.46 grams of actual methamphetamine, they arrived at a total offense level of 25 and agreed to a sentence of 71 months imprisonment. Doc. no. 28.

At sentencing, Probation recommended that the court apply a higher base offense level based on a higher calculation of drug quantity of 24.92 grams methamphetamine and 8.6 grams cocaine, which was equivalent to 500.12 kg of marijuana, resulting in a total offense level of 27.  Based on Criminal History Category I, the guideline imprisonment range was 70 to 87 months.  Probation recommended a low-end guideline sentence of 70 months.  Doc. no. 32.  The court adopted the findings in the PSR and sentenced Reynoso to 71 months imprisonment for all four counts to run concurrently, the prison term agreed to by the parties.  Doc. no. 36.

Reynoso seeks a sentence reduction to 60 months based on the revised drug offense levels.  Pursuant to Amendment 782, applied retroactively pursuant to Amendment 788, Reynoso's total offense level is reduced to 25.  The guideline range for Offense Level 25, with CHC I, is 57-71 months.  Because the first two counts carry five-year mandatory minimum sentences, the amended guideline range applicable to Reynoso is 60-71 months.  He seeks a reduction in his sentence from 71 months to 60 months.

The parties do not dispute that Reynoso is eligible for sentence reduction relief under Amendment 782.  The government argues, however, that Reynoso agreed to a high-end 71 month sentence in a Rule 11(c)(1)(C) plea agreement based on the parties' understanding that he was subject to a guideline range of 57-71 months, which was lower than the guideline range that the court applied at sentencing, and that Reynoso should be bound by it.  The government contends that even under the revised guidelines, the court could impose the same 71-month sentence without departing from the guidelines, since the amended guideline range is 60-71 months, taking the mandatory minimum sentence into account.  Notably, the parties did not agree to a criminal history category in the plea agreement, so there was no agreement as to the applicable guideline range for imprisonment or, as the government suggests, that the agreed-upon 71-month sentence reflected a high-end guideline sentence.  *See United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) ("The courts enforce the literal terms of the plea agreement, but

2

1 'construe ambiguities in favor of the defendant,' ordinarily placing on the government
2 'responsibility for any lack of clarity.'").

3   Probation recommends a sentence reduction to 60 months, which is at the low end
4 of the revised guideline range and at the mandatory minimum.  Probation recommends
5 that 60 months is an appropriate sentence given Reynoso's conduct in the offense, lack
6 of criminal history and post-sentence conduct.  The BOP progress report indicates that
7 Reynoso is housed in a low-level facility, that he has maintained good institutional
8 conduct, and that he completed an auto mechanics training program in October 2014.

9   "Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in
10 section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on
11 that basis only 'if such a reduction is consistent with applicable policy statements issued
12 by the Sentencing Commission' – namely, § 1B1.10." *Dillon v. United States*, 560 U.S.
13 817, 826 (2010).  Following the two-step inquiry set forth in *Dillon*, the court must first
14 determine that a reduction is consistent with § 1B1.10 before it may consider whether the
15 authorized reduction is warranted.  Here, there is no dispute that under U.S.S.G.
16 § 1B1.10, the amended guidelines range of 60-71 months is substituted for the original
17 guidelines range of 70-87 months, based on the two-level reduction pursuant to
18 Amendment 782 while "leav[ing] all other guideline application decisions unaffected."

19   At step two of the inquiry, the court considers any applicable § 3553(a) factors and
20 determines whether, in its discretion, the reduction authorized by reference to the policies
21 relevant at step one is warranted in whole or in part under the particular circumstances of
22 the case. *Dillon*, 560 U.S. at 827.  The government contends that the presence of a
23 firearm when Reynoso was arrested suggests a willingness to resort to violence, but this
24 inference is not adequately supported by the record which reflects that the gun was found
25 underneath the bed inside Reynoso's bedroom, not on his person, and the government
26 did not charge Reynoso with possession of a firearm in furtherance of drug trafficking.
27 The court notes that Reynoso had no prior criminal history and the nature and
28 circumstances of the offense did not involve violence.  The court determines that in light

1  of Reynoso's good post-sentencing conduct, and his placement in a low security facility,
2  a reduced sentence would pose low risk to public safety.  See U.S.S.G. § 1B1.10
3  comment. n.1(B).  The court determines pursuant to § 3553(a)(2) that a 60-month
4  sentence in this case is sufficiently lengthy to reflect the seriousness of the offense, to
5  promote respect for the law, and to provide just punishment for the offense, and is
6  sufficient to afford general deterrence to criminal conduct.
7        Accordingly, Reynoso's motion to reduce sentence from 71 months to 60 months
8  in prison is GRANTED.
9        **IT IS SO ORDERED.**
10 Dated: December 14, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge